# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3978

_____

| | | |
|---|---|---|
| Charlotte Gerdes, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas. |
| UNUM Provident Corporation, | * | |
| | * | [UNPUBLISHED] |
| Appellee. | * | |

_____

Submitted: June 4, 2002
Filed: June 7, 2002

_____

Before McMILLIAN, BOWMAN, and BYE, Circuit Judges.

_____

PER CURIAM.

Charlotte Gerdes appeals the District Court's[1] adverse grant of summary judgment in her Employment Retirement Income Security Act (ERISA) denial-of-benefits action. Having carefully reviewed the record, see Ferrari v. Teachers Ins. & Annuity Ass'n, 278 F.3d 801, 805, 807 (8th Cir. 2002) (standard of review), we affirm.

---

[1]The Honorable Stephen M. Reasoner, United States District Judge for the Eastern District of Arkansas.

After being on medical leave from her nursing job since September 1999, Gerdes applied for long-term disability benefits under her ERISA plan (Plan) in January 2000 based on carpal tunnel syndrome and osteoarthritis of her knee. The Plan provided that an individual is disabled when UNUM determines she is "limited from performing the material substantial duties of [her] regular occupation" and has "a 20% or more loss in [her] indexed monthly earnings" because of her sickness or injury; "regular occupation" is the job the claimant was "routinely performing" when she became disabled. Gerdes submitted general statements from two treating physicians, Drs. Judy Ash and Joseph Yao; the doctors also completed functional-capacity checklists. Based on the functional-capacity findings, vocational rehabilitation specialist Kelli Hicks identified several sedentary nursing jobs that Gerdes could perform. UNUM Provident Corporation (UNUM) denied her application and subsequent appeal.

Initially, we reject Gerdes's argument that the District Court should have applied a less-deferential standard of review, see Ferrari, 278 F. 3d at 806 (applying abuse-of-discretion standard of review when no material and probative evidence presented that plan administrator had conflict of interest or committed procedural errors that caused serious breach of duty to applicant). Gerdes points to UNUM's use of in-house medical consultants to review her claim, but this is of no consequence because UNUM's finding that Gerdes was capable of performing sedentary work not requiring repetitive hand use was essentially consistent with the limitations noted by Drs. Ash and Yao; thus, contrary to Gerdes's contention, an independent medical examination was not required. Compare Layes v. Mead Corp., 132 F.3d 1246, 1251 (8th Cir. 1998) (rejecting need for independent medical examination where applicant's medical evidence facially insufficient to support finding of disability), with Woo v. Deluxe Corp., 144 F.3d 1157, 1161 (1998) (holding that administrator erred in refusing independent medical examination where treating physician determined applicant was disabled and where there was evidence of an uncommon disease).

As to the decision itself, we reject Gerdes's argument that substantial evidence did not support UNUM's finding as to her ability to perform sedentary work. Specifically, the functional-capacity assessments of Drs. Ash and Yao, and the findings of one of the medical reviewers, provide the requisite substantial evidence. See Donaho v. FMC Corp., 74 F.3d 894, 900 (8th Cir. 1996). We also reject Gerdes's challenge to the vocational analysis, given her failure to submit to UNUM any evidence to counter the opinion of vocational rehabilitation specialist Hicks about nursing jobs Gerdes could perform within her limitations. See Layes, 132 F.3d at 1251 (considering, under abuse-of-discretion standard, only evidence before plan administrator when claim was denied). Finally, we note Gerdes's state-law claims are preempted by ERISA. See Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 56-57 (1987).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-